RANDY R. LEWIS, Employee v. BEACHVIEW EXXON SERVICE, Employer, PENN NATIONAL INSURANCE COMPANY, Carrier

No. 645A05

(Filed 5 May 2006)

**Workers' Compensation— pulmonary condition not compensable—remand on estoppel issue**

The decision of the Court of Appeals in this workers' compensation case is reversed for the reason stated in the dissenting opinion that plaintiff's pulmonary condition was not compensable because evidence supported the Industrial Commission's findings that it was not the result of his surgery for a work-related hernia and that the hernia surgery did not materially aggravate or exacerbate his pre-existing pulmonary condition, and the case is remanded to the Court of Appeals for remand to the Industrial Commission for findings and conclusions on the issue of whether defendant employer is estopped from contesting the compensability of plaintiff's pulmonary condition.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 619 S.E.2d

881 (2005), reversing and remanding an opinion and award filed on 30 January 2004 by the North Carolina Industrial Commission. On 26 January 2006, the Supreme Court allowed defendants' petition for discretionary review as to additional issues. Heard in the Supreme Court 20 April 2006.

*Wilson & Ratledge, PLLC, by Perry J. Pelaez, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Buxton S. Copeland and Meredith T. Black, for defendant-appellants.*

PER CURIAM.

As to the issue on direct appeal, we reverse the decision of the Court of Appeals for the reasons stated in the dissenting opinion. Further, we conclude that the petition for discretionary review as to additional issues was improvidently allowed. This case is remanded to the Court of Appeals for remand to the North Carolina Industrial Commission for further findings of fact and conclusions of law on the issue of estoppel.

REVERSED AND REMANDED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.

Justice WAINWRIGHT did not participate in the consideration or decision of this case.